DORA WILLIS v. MO. PAC. R'Y Co.

(Case No. 4961.)

1. ACTION FOR TORTS.—At common law, though the husband may sue for injuries inflicted on his person by another, yet, if death ensues, no right of action was given to the wife. That right is conferred in Texas by statute.
2. RIGHT OF ACTION — TORTS.— When the action is transitory and is based on personal injuries, recognized as such by universal law, the suit may be brought where the aggressor is found, irrespective of the provisions of the local law, or whether there be any law at all in force at the place where the wrong was inflicted.
3. SAME — JURISDICTION.— When the right of action exists only by reason of a statute, it can be enforced only in the state where the statute has an existence and where the injury occurred. The cause of action must have arisen and the remedy must be pursued in the same state, and that must be the state where the law was enacted and has effect.
4. DAMAGES — RAILROAD COMPANY.— A railway chartered by the state cannot be sued in a state court by the surviving wife for damages alleged to have resulted from the negligent killing of her husband by the road in the Indian Territory, when no law existed conferring on the wife the right to recover damages in such a case.
5. CASE DISTINGUISHED.— This case distinguished from McDonald v. Mallory, 77 N. Y, 546.

ERROR from Grayson. Tried below before the Hon. Richard Maltbie.

The opinion states the case.

*A. B. Persons* and *Woods, Wilkins & Cunninghan*, for appellant, cited: Const., art. 16, sec. 26; R. S., arts. 2000, 2002, 2003, 2899; McDonald v. Mallory, 77 N. Y., 564; Pierce on Railroads, 386.

*R. C. Foster* and *A. E. Wilkinson*, for defendant in error.

WILLIE, CHIEF JUSTICE.— This is a suit by Mrs. Dora Willis against the Missouri Pacific Railway Company to recover damages for the negligent killing of her husband, who was a brakeman at the time in the service of the company.

The appellee operated a line of railroad running through the Indian Territory into Texas, and had an office and an agent in Grayson county, in this state, in which county this suit was brought. The petition alleged that the injury and the death consequent upon it occurred in the Indian Territory; that the plaintiff and the deceased were residents of Texas at the time; that she resided here at the commencement of this suit, and that the defendant operated its road under a charter, which had been recognized, adopted and put in force in this state by special enactment of the legislature of Texas. It further alleged that the country in which deceased was killed was, at the time of the occurrence and of the beginning of the suit, without law applicable to the deceased, the plaintiff or defendant, or other person residing beyond its boundaries; and that neither deceased, plaintiff, or the defendant, nor any one not a citizen of the country in which Willis was killed, has any civil rights or securities therein, and as to such person said country is as if there were no law at all; and that the defendant was not a citizen of that territory.

Among other defenses filed to the action was a special demurrer to the effect that the petition showed on its face that the injuries and death occurred outside of the jurisdiction of the state of Texas; and that there was in the locality of these occurrences no law giving plaintiff a right of action against the company for causing the death of her husband. This exception was sustained by the court, and the plaintiff declining to amend, the cause was dismissed. From this action of the court Mrs. Willis has appealed to this court, assigning as error the ruling by which the special demurrer was sustained.

By our Revised Statutes, ch. 52, the wife has, in certain cases, a right of action against a railway company for the negligent killing of her husband. It is generally held that at common law no such action could be maintained by her, though the husband might have sued for the injuries so received by him, if death did not ensue.

It is conceded in the petition that, under the laws of the Indian Territory, Mrs. Willis had no right of action against the appellee for the killing of her husband (which is alleged to have occurred in that territory) by reason of the carelessness and negligence of the railroad company, its agents and servants.

The appellant therefore seeks to maintain in Texas a suit for injuries committed in the Indian Territory, where the right to the action is not allowed her by the common law, nor by the law of the place where the cause of action, if it exists, must have arisen, on the ground that she can, under the laws of this state, maintain such a suit.

The rules governing suits arising out of torts committed in a locality other than the government where the redress is sought are about these, as deduced from the authorities upon the subject: Where the action is transitory and is based on personal injuries recognized as such by universal law, the suit may be brought wherever the aggressor is found, irrespective of the provisions of the local law, or whether there be any law at all in force at the place where the wrong was committed. Rorer on Interstate Law, pp. 154, 155.

But where the right of action does not exist except by reason of statute, it can be enforced only in the state where the statute is in existence and where the injury has occurred. That is to say, the cause of action must have arisen and the remedy must be pursued in the same state, and that must be the state where the law was enacted and has effect.

The principle upon which the doctrine rests is the want of power in a state to give her laws an extraterritorial effect. Our state, in providing that the negligent killing of an individual shall constitute a cause of action in certain of his survivors for damages against the party committing the homicide, is providing only for cases occurring within her own borders. She makes that an actionable tort which was not so before by common law. Within her own jurisdiction the law is changed by reason of this statute, but it remains the same everywhere else; and the death of the husband through negligence of a railroad company, if the injury occurred in the Indian Territory, was no more a cause of action after the passage of our statute than it was before.

The government exercising authority in the locality where this act was committed is the only one to determine and provide whether or not such an act shall be a good ground for suit in behalf of any one, and to name the parties in whom the cause of action shall exist. It is not the mere giving a remedy for a right previously possessed, but it is the creation of a right itself in certain parties which before belonged to no one whatever. Hence it is held in all states having statutes like our own, that the parties named in the domestic statute cannot sue in the state where it was enacted for damages caused by a negligent killing which has occurred in another.

This principle is universally recognized where such statutes prevail. A citation of a few of the leading authorities in which it has been expressly decided will do away with the necessity of a further discussion of the subject: Richardson v. N. Y. C. R. R. Co., 98 Mass., 85; Nashville & Chattanooga R. R. Co. v. Eakin, 6 Cold., 582; Selma, Rome & Dalton R. R. Co. v. Lacy, 43 Ga., 461; McCarthy v. Chic., etc., R. R. Co., 18 Kan., 46; Whitford v. Panama R. R. Co., 23 N. Y.; 465; Allen v. R. R. Co., 45 Md., 41; Derrickson v. Smith, 3 Dutch., 166. See, also, Rorer on Interstate Law, 135, 136; Wharton on Conflict of Laws, §§ 477–480, and authorities cited in the notes of those authors.

It has been suggested in some of the opinions that perhaps an exception might arise where the same statute existed both in the forum of the action and that where the cause of it arose. See 43 Ga., 461, above cited; McDonald v. Mallory, 77 N. Y., 546; Wharton's Conf. of Laws, § 479.

This is repudiated by some of the courts and text writers, and is not necessary to be considered in this case, as it appears from the express allegations of the petition that there is no law in the Indian Territory which would allow Mrs. Willis to recover thereon in the present action. Rorer on Interstate Law, 158–163; Woodard v. Mich., etc., R. R. Co., 10 Ohio St., 121; Richardson v. N. Y. & Erie R. R. Co., 98 Mass., 92.

We are of opinion, therefore, that the special demurrer was properly sustained.

There is so obviously no analogy between the present case and that of McDonald v. Mallory, 77 N. Y., 546, that the latter would not be alluded to but for the zeal and energy with which able counsel have insisted that the principle laid down in that case would reverse the ruling of the court below upon the demurrer. The decision there turned upon the ground that a vessel upon the high seas belonging to the state of New York is part of the territory of that state, and that a wrongful act committed upon board of her was in fact committed in the state of New York itself. The injury done on board of the vessel having been declared by the statute of New York to be actionable at the suit of the wife, it was properly held that she could recover for such injury in the New York court, although committed upon a vessel of that state whilst on the high seas.

The state of New York had authority to legislate for its own territory, of which the ship formed a part, but Texas cannot legislate for the government of the Indian Territory merely because a railroad runs into this state through that country and the govern-

ment there had failed to legislate upon the particular subject. The fact that the laws of the Indian Territory do not allow our citizens to sue or be sued there does not create a case where we may supply the defect and declare that they shall have this privilege, and shall sue and recover according to the laws of our own state. If the country were without laws or inhabitants, we might doubtless enforce in our courts a right of action of a transitory nature arising upon tort, and recognized as such by the common law, but we could not even then create by statute a cause of action which, arising there, could be enforced within our own jurisdiction.

There is no error in the judgment of the court below and it is affirmed.

AFFIRMED.

[Opinion delivered April 22, 1884.]