MAYER, SONS & CO. v. J. C. BROWN ET AL.
(No. 6712.)

APPEAL from Dallas County.   Opinion by WILLSON, J.

MORGAN & FREEMAN, counsel for appellants.

McDONALD BROS., counsel for appellees.

§ **128.** *Common carriers; contract of to be performed in another state; jurisdiction of courts of this state over.* Appellants sued appellees as receivers of the Texas & Pacific Railway Company, in justice's court of Dallas county, to recover $65.40, the alleged value of a cask of wine alleged to have been lost and destroyed while being transported over said railway from Shreveport to Napoleanville, in the state of Louisiana. Said railway company was also made a party defendant in said suit. In justice's court appellees recovered judgment. Appellees appealed to the county court, and in that court the cause was dismissed, because, in the opinion of the trial judge, the courts of this state did not have jurisdiction of the cause of action, as the wine was lost in another state, the contract for its transportation being limited to such other state. We are of the opinion that the trial judge erred in his judgment. We think the suit is maintainable in the courts of Dallas county. [3 Civil Cas. Ct. App., § 324; Willis v. Railway Co., 61 Tex. 432; Liles v. Wood, 58 Tex. 417.] The judgment is reversed, and the cause remanded for a trial *de novo* to the county court.

June 7, 1890.                    Reversed and remanded.