MENDIOLA v. GONZALES.  (No. 5654.)

(Court of Civil Appeals of Texas.  San Antonio.
April 5, 1916.  Rehearing Denied
April 19, 1916.)

**1. Courts ⚌⇒7 — Jurisdiction—Conversion
in Foreign Country.**

The courts of Texas are not without jurisdiction of an action for conversion merely because the conversion was in Mexico.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 14, 16, 22–31; Dec. Dig. ⚌⇒7.]

**2. Evidence ⚌⇒81—Presumption—Foreign Law.**

In the absence of evidence, the law of Mexico as to conversion will be presumed the same as that of Texas.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 102; Dec. Dig. ⚌⇒81.]

**3. Evidence ⚌⇒5(1)—Judicial Notice—Revolution in Foreign Country.**

The court judicially knows the existence of revolution and anarchy in Mexico, and the consequent powerlessness of its courts.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 4; Dec. Dig. ⚌⇒5(1).]

**4. Aliens ⚌⇒16—Actions Against.**

A citizen of Mexico, there converting to his own use property of a citizen of Texas, and then coming to the state, is there amenable to the state citizen for the wrong.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 61–66; Dec. Dig. ⚌⇒16.]

**5. Appeal and Error ⚌⇒231(3) — Review — Admission of Evidence—Objection Below.**

Error cannot be predicated on the admission of testimony of value, no reason for its inadmissibility having been given in the objection thereto.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⚌⇒231(3); Trial, Cent. Dig. §§ 194, 196.]

**6. Evidence ⚌⇒222(1) — Declarations against Interest.**

Statements of a party to a witness as to the matter in controversy are admissible against him.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 786, 792, 796; Dec. Dig. ⚌⇒222(1).]

**7. Evidence ⚌⇒84—Presumption—Dollars.**

When the word "dollars" is used in testimony in an American court, the presumption is that American money is meant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 106; Dec. Dig. ⚌⇒84.]

**8. Trover and Conversion ⚌⇒40(3)—Evidence of Ownership.**

That plaintiff in conversion had a bill of sale of the cattle taken by defendant, swore they were his, and identified the hides by a fresh brand he had put on the cattle is sufficient evidence that they belonged to him.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 234, 235; Dec. Dig. ⚌⇒40(3).]

Appeal from Maverick County Court; Ben V. King, Judge.

Action by Thomas C. Gonzales against Jesus Santos Mendiola.  Judgment for plaintiff, and defendant appeals.  Affirmed.

Chambers & Watson, of San Antonio, for appellant.  David E. Hume, of Eagle Pass, for appellee.

FLY, C. J.  Appellee, a citizen of Texas, residing in Maverick county, sued appellant, a citizen of Mexico, sojourning in Texas, to recover the value of certain cattle, alleged to have been appropriated to his own use and benefit in Mexico.  It was alleged that on or about August 7, 1915, near Rosales, in the state of Coahuila, Mexico, appellee purchased 33 head of cattle, paying their value; that he placed a small brand, in the shape of a heart, on each of them, and that they were of the value of $900, gold, being about $20.75 for each of them; that on or about August 14, 1915, appellant seized and appropriated the cattle to his own use, near Guerro, Mexico.  It was also charged that the cattle were converted by appellant to his own use near Piedras Negras, Mexico.  The appellant filed general and special exceptions and a general denial.  The court rendered judgment for appellee, upon the verdict of a jury, for $900.

[1, 2] The action of the court in overruling the special exception is made the subject· of the first assignment of error.  The proposition that where a petition shows the court in which it is filed has no jurisdiction, it should be dismissed may be a sound abstract proposition, but appellant fails to show how it is applicable in this case.  The statement does not show that there were any special exceptions to the petition, or upon what ground they attacked the petition, if filed.  No concrete question is presented by the assignment, but we infer from some intimations in the statement that lack of jurisdiction is claimed because the petition shows the conversion took place in Mexico, and if that allegation shows want of jurisdiction, it would be fundamental error.  The court had jurisdiction.  Railway v. Mitten, 13 Tex. Civ. App. 653, 36 S. W. 282; Banco Minera v. Ross & Masterson, 138 S. W. 224; Id. 106 Tex. 522, 172 S. W. 711.  The Mitten Case was one in which it was alleged and proven that the appellee was an American who was injured on a train in Mexico, and the petition was attacked on the ground that it showed that the Texas trial court had no jurisdiction.  This court held that it had jurisdiction, and a writ of error was refused by the Supreme Court.  In the case of Railway v. Jackson, 89 Tex. 107, 33 S. W. 857, 31 L. R. A. 276, 59 Am. St. Rep. 28, the Supreme Court held that the laws of Mexico proved in the case, in regard to personal injuries, were so dissimilar from ours that they could not be executed in our courts, and while some other reasons were given for holding that the trial court had no jurisdiction, they must have been afterwards considered untenable, from the fact that the Mexican laws were proved in the Jackson Case and were not proved in the Mitten Case, and that was the only ground upon which one could be distinguished from the other.  The Supreme Court of the United States in the case of

Slater v. Railway, 194 U. S. 121, 24 Sup. Ct. 581, 48 L. Ed. 900, concurred with the Jackson Case, because the laws of Mexico were proved, and it appeared that an American court could not put them into execution, but even under those circumstances Chief Justice Fuller and Justices Harlan and Peckham in a dissenting opinion cited the Mitten Case with approval and quotations taken from it. In this case the laws of Mexico on conversion of property were not shown, and that would take this case completely out of the purview of the Jackson and Slater Cases and bring it directly within the scope of the Mitten Case. The reason for the holding in the Mitten Case is that, where there is no statute giving an action in a foreign country it is transitory and could, under the common law, be instituted anywhere that the offender might be found. There being no proof, in this case, as to the law in Mexico, the presumption will be that it is the same as in Texas. Tempel v. Dodge, 89 Tex. 69, 32 S. W. 514, 33 S. W. 222; Railway v. Goodman, 20 Tex. Civ. App. 109, 48 S. W. 778.

[3, 4] The case of Willis v. Railway, 61 Tex. 432, 48 Am. Rep. 301, cited by appellant, fully sustains the jurisdiction of the county court in this case, for the court held in that case:

"Where the action is transitory and is based on personal injuries recognized as such by universal law, the suit may be brought wherever the aggressor is found, irrespective of the provisions of the local law, or whether there be any law at all in force at the place where the wrong was committed."

This court judicially knows that a condition of revolution, anarchy, and strife prevailed in Mexico, when the wrong was committed and this suit instituted, that the courts of that republic were powerless, and that force alone was dominant, and under such circumstances when a party who has been in that country disregarded the rights of our citizens and appropriated their property, he should be held responsible in our courts for such wrongs. Appellee lives in Maverick county, and when appellant, in quest of protection from his countrymen, or for any other reason, came to Texas he was amenable to the citizen for the wrong committed upon him in the foreign country. Banco Minera v. Ross & Masterson, herein cited.

The third assignment of error is overruled. The petition states a cause of action.

[5] The fourth assignment of error is overruled, in which complaint is made of the testimony of Douglas as to the value of the cattle. The bill of exceptions upon which the assignment is based does not refer to Douglas, but to Gonzales. If, however, this should be a clerical error, the assignment of error cannot be sustained, because the grounds of objection set out in it are not found in the bill of exceptions. The bill of exceptions is qualified by the judge by stating that no reason for the inadmissibility of the evidence was given, and that the evidence was not objected to because Gonzales did not state that he knew the market value of the cattle.

[6] The seventh assignment of error is overruled. The assignment is general in its objection to certain evidence, and the grounds of objection to the evidence in the proposition are not found in the bill of exceptions. However, the evidence of Douglas as to what appellant told him about the hides, identified as having come off of appellee's cattle, were not the acts or statements of a third party, but those of the defendant by which he was bound.

[7] The ninth assignment of error is very general, and the proposition thereunder still more so, and the statement throws no light on the claim that the verdict is excessive. In an American court it is not necessary to tell what "dollars" are meant when that word is used. The presumption is that our own money is meant.

The eleventh assignment is multifarious and general, and is not followed by a proper proposition. The statement fails to throw any light on the assignment. It consists merely of the conclusions of the briefmaker.

[8] Gonzales swore the cattle were his, and identified the hides by a fresh brand he had put on the cattle. It was proved that appellant took the cattle, and Gonzales had bills of sale to them. The evidence was sufficient to show that the cattle belonged to appellee, and that they had been taken from him by appellant and appropriated by him to his use.

The judgment is affirmed.