**Birdie UBER, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, a corporation, Respondent.**
**No. 53956.**

Supreme Court of Missouri,
Division No. 2.

June 9, 1969.

A. L. Shortridge, Joplin, Paul Armstrong, Columbus, Kan., for appellant.

Laurence H. Flanigan, George M. Flanigan, McReynolds, Flanigan & Flanigan, Carthage, for defendant-respondent.

VERNON W. MEYER, Special Judge.

Plaintiff widow appeals from a judgment of the trial court sustaining defendant's motion to dismiss petition as to her. We affirm.

This action was instituted on the 21st day of February, 1968, by the filing of original plaintiffs' petition in the Circuit Court of Jasper County, Missouri. Plaintiffs therein were Birdie Uber and Vernon Uber, widow and minor son of Dane Edward Uber. The petition alleged that on February 24, 1967, the defendant, through its employees, was operating a freight train in Jasper County, Missouri, when, as a direct result of the negligence of said employees and the defendant through them, the locomotive of defendant's freight train collided with and struck a pickup truck occupied by Dane Edward Uber, which "mortally injured and wounded said decedent", causing him to die on February 24, 1967, as a direct result of said collision; that appellant was the widow of said Dane Edward Uber, deceased, having been lawfully married to him at the time of his death on February 24, 1967; that original co-plaintiff Vernon Uber was the only minor son of the decedent; and that said original plaintiffs, by reason of the death of the decedent, were deprived of his support and services to their damage in the sum of $50,000.

Because of the nature of the issues presented, it is unnecessary that we review the acts of negligence alleged or the circumstances attending decedent's death.

Among other motions filed on March 25, 1968, respondent filed a motion to strike from paragraph 6 of original plaintiffs' petition the figures "$50,000.00" for the reason that the limit of recovery in an action for wrongful death applicable in this case is $25,000 and a motion to dismiss the petition as to appellant for the reason that she was barred as a matter of law from maintaining the action for not having sued within six months after the death of said Dane Edward Uber.

On May 23, 1968, the trial court sustained the aforementioned motion to strike and sustained respondent's motion to dismiss the petition as to appellant.

On May 31, 1968, original co-plaintiff Vernon Uber voluntarily dismissed without prejudice the petition as to him only and judgment of dismissal was entered and the respondent discharged as to the petition of original co-plaintiff Vernon Uber only. Thereafter, this appeal by the widow followed.

The point whether $25,000 or $50,000 is the limit of recovery in this case was briefed both by the appellant and the respondent. However, because appellant appealed only from the judgment dismissing her petition and because at the outset of the argument before this court counsel for the appellant announced that by agreement this point was withdrawn, it will not be considered in this opinion.

As respondent contends, in an action under the wrongful death statutes, if it appears from the petition that the statutory period of limitation has expired, the objection may be properly raised by motion to dismiss as was done in this case. Baysinger v. Hanser, 355 Mo. 1042, 199 S.W. 2d 644.

Respondent also contends (A) that appellant's right to maintain an action for the wrongful death of her husband accrued on February 24, 1967, the date of his death, and must be predicated on the Wrongful Death Act in effect on that date, § 537.080 (all statutory references are to RSMo 1959, V.A.M.S., unless otherwise noted); that said section created a single cause of action for the wrongful death of her husband; that it was not a joint right of action in appellant and her minor son, but vested consecutively in them; that appellant lost her right to maintain the action by not filing suit within the sixth-month period following the date of death; and (B) that the six-month limitation contained in said section is a matter of substantive right and not a technical limitation or bar

to the remedy; that to permit appellant to prevail would give the 1967 Wrongful Death Act which became effective October 13, 1967, retrospective application as to matters of substantive right, so as to revive a cause of action which had been barred under the limitation as it previously existed.

Appellant contends (A) the 1967 amendment to the Wrongful Death Act was remedial and retrospective as to the period of limitation, there was one cause of action for the death of decedent, suit was brought timely by his only minor child and was not barred by the law in effect at the time the cause of action arose, and the 1967 amendment made appellant a necessary and proper party who could be joined as a plaintiff in the existing cause of action; and that (B) statutes of limitation apply to the remedy only and are retrospective, the cause of action for the wrongful death of decedent existed and no vested right was taken from defendant by enlarging the period of limitation; and that (C) the 1967 amendment providing that suit might be brought by the spouse or minor children and that distribution of the proceeds should be made in accordance with an order of the court is procedural and retrospective and accordingly appellant necessarily had an interest in the cause of action and her joinder in the original petition relates back to the original cause of action and is not barred by limitation.

We are concerned with the following sections of the Wrongful Death Act in effect at the time of decedent's death.

Section 537.080

"Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be lia-

ble to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered

(1) By the husband or wife of the deceased; or

(2) If there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, whether such minor child or children of the deceased be the natural born or adopted child or children of the deceased; * * *"

Section 537.090

"In every action brought under section 537.080, the jury may give to the surviving party or parties who may be entitled to sue, such damages, not exceeding twenty-five thousand dollars, as the jury may deem fair and just for the death and loss thus occasioned, with reference to the necessary injury resulting from such death, and having regard for the mitigating or aggravating circumstances attending the wrongful act, neglect or default resulting in such death."

Section 537.100

"Every action instituted under section 537.080 shall be commenced within one year after the cause of action shall accrue; * * *"

We are also concerned with those enacted in lieu thereof contemporaneously with their repeal, Laws of 1967, page 663, effective October 13, 1967, as follows:

Section 537.080

"Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been lia-

ble if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered

(1) By the spouse or minor children, natural or adopted, of the deceased, either jointly or severally; provided, that in any such action the petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under this subdivision; and provided, further, that only one action may be brought under this subdivision against any one defendant; or * * *."

Section 537.090

"In every action brought under section 537.080, the jury may give to the surviving party or parties who may be entitled to sue such damages, not exceeding fifty thousand dollars, as the jury may deem fair and just for the death and loss thus occasioned, with reference to the necessary injury resulting from such death, and having regard for the mitigating or aggravating circumstances attending the wrongful act, neglect or default resulting in such death."

Section 537.095

"1. In any action for damages under section 537.080, the trier of the facts shall state the total damages found or the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto as determined by the court.

2. The court shall order the claimant:

(1) to collect and receipt for the payment of the judgment;

(2) to deduct and pay the attorney's fees as contracted and expenses of recovery and collection of the judgment;

(3) to acknowledge satisfaction in whole or in part for the judgment and costs;

(4) to distribute the net proceeds as ordered by the court; and

(5) to report and account therefore to the court. In its discretion the court may require the claimant to give bond for the collection and distribution."

Section 537.100

"Every action instituted under section 537.080 shall be commenced within two years after the cause of action shall accrue; * * *."

The latter are sometimes referred to as the 1967 amendments.

Appellant's cause of action accrued on February 24, 1967, the date of the death of her spouse. Cummins v. Kansas City Public Service Company, 334 Mo. 672, 66 S. W.2d 920; Nelms v. Bright, Mo., 299 S. W.2d 483. At the time the cause of action accrued, it was but one indivisible cause of action which remains the same whether enforceable for surviving spouse, minor child or children, or others named in the statute. Nelms v. Bright, supra. The cause of action or right to maintain an action and recover for a wrongful death of any person is a single right and the right is vested in specific beneficiaries. Spencer v. Bradley, Mo., 351 S.W.2d 202.

As this case reaches this court, there is but one plaintiff, the widow, the original co-plaintiff Vernon Uber having voluntarily dismissed without prejudice the petition as to him only. She is joined with no one. Therefore, we are not concerned with the question as to whether she may be "joined as a plaintiff in an existing cause of action by reason of her being a necessary and proper party" nor are we compelled to determine if her "joinder" in the original petition relates back to the original cause of action.

It must be kept in mind that when this cause of action accrued the Wrongful Death Act contained two periods of limitation bearing on this case; the first provided that the widow, if there be minor children, shall sue within six months after

the death; the second provided that every action instituted under the Act shall be commenced within one year after the cause of action accrued. The petition alleges that the decedent was survived by a minor child as well as by appellant. Therefore, at the time the cause of action accrued, appellant had six months in which to institute her suit after which, if she failed to do so, the cause of action vested in the minor child.

The issue for decision is whether the 1967 amendments which became effective October 13, 1967, more than six months but less than one year after the cause of action accrued, operated to enlarge the time allowed appellant for instituting this suit from six months to one year.

Both parties cite Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852, to support their contentions, and we consider this case first. It is a Workmen's Compensation case. The claimant was injured on April 26, 1941, at which time the period for filing claims for compensation was limited by a six-month statute of limitation. At the time of her injury she had until October 26, 1941, in which to file her claim. On October 10, 1941, prior to the expiration of the statute of limitations which was in effect at the time of her injury the time for filing claims was enlarged to one year. She filed her claim on December 26, 1941. The court held claimant's claim to have been timely filed. The portion of the opinion which contributes to the solution of our problem reads as follows (175 S.W.2d l. c. 853):

"A statute which affects only the remedy may properly apply to a cause of action which has already accrued and is existing at the time the statute is enacted. Ordinary statutes of limitation are held to affect the remedy only. The principle is well settled that the period of limitation prescribed by such statutes may be enlarged and become applicable to existing causes of action, but an enlargement of the period of limitation may not revive a cause of action which has been barred under the limitation as it previously existed. Annotation, 46 A.L.R. 1101. It is the rule in this State that a statute dealing only with procedure or the remedy applies, unless the contrary intention is expressed, to all actions falling within its terms whether commenced before or after the enactment. Clark v. Kansas City, St. L. & C. R. Co., 219 Mo. 524, 118 S.W. 40; Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 118 S.W.2d 3. If Section 3727 is found to govern the remedy only its amendment applies to appellant's claim; otherwise not."

Because the court cited Clark and O'Malley, supra, to support this rule of law, we consider next these two cases. Clark is a wrongful death action. Originally, on September 20, 1904, Emma Clark sued for the wrongful death of her son which had occurred on July 21, 1904. Decedent's father afterwards joined as a co-plaintiff. That suit was transferred to the United States Circuit Court for the Western District of Missouri on October 12, 1904. A one-year statute of limitation was in effect at this time. On April 12, 1905, the Legislature repealed the applicable one-year statute of limitations and enacted a new one in lieu thereof effective June 16, 1905, which read as follows:

"Every action instituted by virtue of the preceding sections of this chapter shall be commenced within one year after the cause of such action shall accrue: Provided, that if any action shall have been commenced within the time prescribed in this section, and the plaintiff therein suffer a non-suit, or, after a verdict for him, the judgment be arrested, or after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action, from time to time, within one year after such non-suit suffered or such judgment arrested or reversed."

On August 19, 1905, plaintiff suffered a nonsuit. On September 11, 1905, she filed (this) a new suit in which decedent's fa-

ther refused to join. The defendant contended that the statute of limitations was a bar to the suit filed on September 11, 1905, because it was commenced more than one year after the cause of action accrued. Plaintiff argued that the saving clause applied. The court ruled as follows (118 S. W. 40, l. c. 43): "* * * And Mr. Endlich (End. on Inter. Stat.) § 287, puts it this way: 'In this country the general rule seems to be, in accordance with the English, that statutes pertaining to the remedy —i.e., such as relate to the course and form of proceedings for the enforcement of a right, but do not affect the substance of the judgment pronounced, and neither directly nor indirectly destroy all remedy whatever for the enforcement of the right —are retrospective, so as to apply to causes of action subsisting at the date of their passage.' Id. § 288: 'Indeed, much of this kind of legislation is held to apply, not only to existing causes of action, but also to pending proceedings. It is said that an act dealing with procedure only applies, unless the contrary intention is expressed, to all actions falling within its terms, whether commenced before or after the enactment.' The doctrine thus announced seems well-bedded in principle. We think it applies to the statute in hand, which in its essence is purely a remedial one; hence no presumption lies that it was intended to operate prospectively only."

The court went on to state, l. c. 44: "* * * When the nonsuit was suffered, the statute was in force. It therefore operated on that particular nonsuit, and we are of opinion that plaintiff was entitled to recommence her suit within one year after the nonsuit."

Aetna Insurance Company v. O'Malley, supra, involves the custody of insurance premiums. The Superintendent of Insurance ordered a ten percent reduction in premiums. Pending a review of the legali-ty of the order, the companies were to collect the rates in force prior to the order and to refund the excess collected to the policyholders in the event the order reducing the rates were finally sustained. Prior to a termination of the review, a statute was enacted providing that excess premiums under circumstances such as these were to be held by the Superintendent of Insurance. The court held that this statute was one affecting procedure and that all existing premiums collected should have been turned over to the Superintendent of Insurance on the effective date of the statute. Clark v. Kansas City, St. L. & C. R. Co., supra, was cited as supporting authority.

In Frazee v. Partney, Mo., 314 S.W.2d 915, 919, this court made this comment on the Wentz opinion: "* * * In that case we held that the extension of the period of limitation by amendment of a statute would extend an existing cause of action *which had not expired at the time of amendment.*" (Emphasis ours.)

This principle is discussed with approval by this court en banc in State ex rel. Whitaker v. Hall, Mo., 358 S.W.2d 845.

■ We hold that the enactment of the 1967 amendments which became effective after appellant's cause of action had expired under the limitation existing at the time the cause of action accrued came too late to rescue her from the position in which the passage of time had placed her and that the trial court properly sustained respondent's motion to dismiss the petition as to her.

DONNELLY, Acting P. J., and MORGAN, J., concur.

FINCH, P. J., not sitting.