Evelyn J. CLICK, Appellant,

v.

THURON INDUSTRIES, INC. et al., Appellees.

No. 503.

Court of Civil Appeals of Texas, Tyler.

Oct. 29, 1970.

Rehearing Denied Dec. 10, 1970.

James G. Clement, Parnass, Ebert, Browning & Riddles, Irving, for appellant.

Coke & Coke, Kenneth L. King, Dallas, for appellees.

DUNAGAN, Chief Judge.

This appeal is from a summary judgment granted the defendants. Suit was instituted in the 134th Judicial District Court of Dallas County, Texas, by Evelyn J. Click, Individually and as Community Survivor of the Estate of her husband, Tracy D. Click, and as Next Friend for their three minor children, Delanie Jean Click, Belinda Lynn Click and Jeffery Allen Click, against Thuron Industries, Inc. and State Star-Bar, Inc., seeking damages for the alleged wrongful death of Tracy D. Click, who received fatal injuries on March 12, 1967, in an airplane crash near Jefferson City, Missouri. The deceased and the defendants were Texas residents. It was alleged that the deceased was a passenger in a private airplane being piloted by one Ben Slaughter, who allegedly was an employee of Star-Bar and was acting in the course and scope of his employment for said defendant at the time of the crash. It was further alleged that defendant Star-Bar, Inc. was controlled by defendant Thuron Industries, Inc., through stock ownership and common board membership. Numerous allegations of actionable negligence were made against Ben Slaughter in the manner in which he was flying the aircraft at the time of the accident. Defendants timely answered the cause and asserted, among other defenses, that the action for wrongful death was barred by the Missouri Statute of Limitation. Thereafter, both parties, by separate motions, moved the Court to take judicial notice of various laws of the State of Missouri. All such motions were granted and the trial court sustained Defendants' Motion for Summary Judgment. Appellants have timely perfected the appeal to the Court of Civil Appeals for the Fifth Judicial District and the cause was transferred to this Court by an order of the Supreme Court of Texas.

By motions sustained by the trial court, and by stipulation, the various pertinent statutes of Missouri relating to wrongful death actions were noticed. There existed on March 12, 1967, the date of the accident, a Wrongful Death Act of Missouri,[1]

---

1. The pertinent portions of the Statute for our discussion are as follows:

"*Section 537.070. Action for wrongful death—who may sue*—Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered;

(1) By the husband or wife of the deceased; or

(2) If there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, whether such minor child or children of the deceased be the natural born or adopted child or children of the deceased; * * "

which had been in effect since 1955. As an integral part of the Missouri Act, there existed on March 12, 1967, a Limitation Statute.[2]

Effective October 17, 1967, the State of Missouri passed a new Wrongful Death Act,[3] which expressly repealed the former Act and enacted a Wrongful Death Act in its entirety. It is noted that there were substantial changes in the 1967 Act. Unlike its predecessor, Section 537.080 provides that the widow or minor children may sue, jointly or severally, and that "only one action may be brought". It further states that the action must be brought within one year or the right of action will vest in the parents of the deceased. Under Section 537.100 of the 1967 Act, every action instituted under Section 537.080 shall be commenced within two years after the cause of action shall have accrued. The maximum amount of damages recoverable for wrongful death was raised to $50,000.-00.

The accident in which Tracy D. Click lost his life occurred on March 12, 1967.

This action was commenced on June 19, 1968. Among other contentions, the appellees assert that appellants' entire suit was barred by limitation under the 1955 Act; and that, in any event, the widow's suit was barred under either the 1955 or the 1967 Act. The parents of Tracy D. Click are not parties to the suit.

Appellants bring forward two Points of Error, which are here rearranged for discussion. They contend that the summary judgment was erroneously granted because (1) the law of the forum (Texas), rather than Missouri, was applicable in the case and (2) even assuming the Missouri Statute of Limitation was applicable, the trial court erred in holding that the October 17, 1967 two-year Statute of Limitation did not apply retrospectively in this case. Appellants likewise contended below that since a statute of limitation is "procedural" rather than "substantive" under the proper conflicts of laws rule, the law of the forum (Texas) applies and the trial court should have applied the Texas Limitation Statute.[4] As so applied, appellants' action, of course, would not be barred.

2. "Section 537.100. Limitation of action—effect of absence of defendant and nonsuit—Every action instituted under Section 537.070 shall be commenced within one year after the cause of action shall accrue; * * *"

3. The relevant provisions of the 1967 Act are as follows: "537.080. Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered.

(1) By the spouse or minor children, natural or adopted, of the deceased, either jointly or severally; provided that in any such action the petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under this subdivision; and provided, further, that only one action

may be brought under this subdivision against any one defendant; or

(2) If there be no spouse or minor children or if the spouse or minor children fail to sue within one year after such death, or if the deceased be a minor and unmarried, then by the father and mother, natural or adoptive, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor; or if the surviving parents are unable or decline or refuse to join in the suit, then either parent may bring and maintain the action in his or her name alone, for the use and benefit of both such parents; or * * *"

"Section 537.090. In every action brought under Section 537.080, the jury may give to the surviving party or paries who may be entitled to sue such damages, not exceeding fifty thousand dollars, * * *"

"Section 537.100. Every action instituted under Section 537.080 shall be commenced within two years after the cause of action shall accrue; * * *"

4. Article 5526, Vernon's Annotated Civil Statutes (1925).

By the Point of Error first to be discussed, the appellants raise the question as to the proper law to be applied in this action. They assert that the lex loci delicti doctrine, traditionally followed in Texas, should be abandoned, and that the "significant contacts" rule should be applied. In brief, they contend that since Texas had the most "significant contacts" with the parties and occurrence, and Missouri had virtually no contacts—except the fortuitous circumstance of the occurrence of the crash there—Texas should apply its own law in determining liability in the case. Under the "significant contacts" doctrine, the law of the forum determines the rights of the parties in those cases where the forum state has the most "significant relationship" with the occurrence. Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963). This argument was made and decided adversely to appellants' contention however in Marmon v. Mustang Aviation, Inc., 430 S.W.2d 182 (Tex.1968). Our Supreme Court, in the *Marmon* case, again reviewed the authorities and held that the Texas Wrongful Death Act, Article 4671, V.A.T.S., has no extraterritorial application, citing Willis v. Missouri Pacific Railway Co., 61 Tex. 432 (1884). The Supreme Court holds that the Texas Death Statute contains no express language indicating that the Legislature intended that the Act should have extraterritorial force and that such intention could not be implied. It follows therefore, that inasmuch as the Texas Wrongful Death Act has no extraterritorial force, no true choice of law problem is presented, and under *Marmon*, Missouri law was applicable.

This brings us to a discussion of the remaining point preserved by appellants. It is urged that even if the Missouri law is to be applied, the action was not barred by limitation because the suit was brought within two years of the accrual of the cause of action. It is contended that the 1967 limitation statute (Section 537.-100), operated retrospectively and extended the time for bringing suit to two years following March 12, 1967. It is urged that the 1967 limitation statute was merely an "amendment", and nothing more, to the previously existing one year limitation statute. If, under Missouri law, a statute of limitation is a mere restriction on the remedy afforded, it might be considered to be procedural only. Normally, a statute of limitation is considered to be procedural, affecting only the remedy. Stumberg, Principles of Conflicts of Laws (3rd Ed.) 148–150. But, an exception to this rule has been recognized by many decisions. It is held that where a statute creates a right and in the same enactment provides for the time within which suit must be brought, the limitation qualifies the right itself and, therefore, becomes "substantive" and not merely "procedural". The exception has usually been applied in cases involving wrongful death statutes. Leflar, American Conflicts Law (1968), p. 305; *Stumberg, supra*, 195. Missouri has recognized the exception. Baysinger v. Hanser, 355 Mo. 1042, 199 S.W.2d 644 (1947). See also Chandler v. Chicago & A. R. Co., 251 Mo. 592, 158 S.W. 35 (1913). In *Baysinger*, the Court states, in part, as follows:

" * * * Our wrongful death statutes created a new right, a new and different cause of action (citation omitted) and at the same time introduced into the terms of the statutes as an inherent part of the cause of action a time limit for its maintenance (citation omitted) and we are committed to the view that the limitations of the death statutes are matters of *substantive right and not mere technical limitations or bars to the remedy.* * * * *" (Emphasis added.) (Citations omitted.)

Both parties have cited and rely upon the case of Uber v. Missouri Pacific Railroad Company, 441 S.W.2d 682 (Mo.1969). In the *Uber* case, decided by the Missouri Supreme Court in 1969, there was an action brought by the plaintiff widow and a minor child of the deceased against the railroad seeking damages for the wrongful

death of the deceased. The death occurred on February 24, 1967, and the action was brought on February 21, 1968. The widow claimed that her action was not barred under the six months provision of the limitation statute in effect at the time of death, because her right of action had been extended by virtue of the 1967 "amendment" to the Wrongful Death Act. The question presented in *Uber* was whether the 1967 "amendment", which became effective October 13, 1967, more than six months, but less than one year, after the cause of action accrued, operated to enlarge the time allowed the appellant for instituting her suit from six months to one year. The court held that the 1967 enactment, which became effective after appellant's cause of action had expired under the limitation existing at the time the cause of action accrued, did not have the effect of extending the time within which she must file her suit for recovery. It would seem to follow that in the case at bar, the enactment of the 1967 Act did not have the effect of extending the time within which appellants could file their suit to two years. In our opinion, the *Uber* case supports the position of appellees herein.

Under Article 1, Section 13, of the *Constitution* of the State of Missouri V.A.M.S. (1945), the Legislature is prohibited from passing a retroactive law. It has been held that such prohibition does not apply to statutes dealing only with procedure or remedies. State ex rel. Clay Equipment Corporation v. Jensen, 363 S.W.2d 666 (Mo.1963); Darrah v. Foster, 355 S.W.2d 24 (Mo.1962). However, inasmuch as under Missouri law the Statute of Limitation, as a part of the Wrongful Death Statute, is considered substantive and not procedural, in our opinion, the 1967 statute, Section 537.100, supra, did not operate retrospectively to extend the time within which the appellants could institute the action. It follows that appellants did not institute suit within the time prescribed by the Missouri Wrongful Death Statute existing when their cause of action accrued. The trial court properly applied the Missouri law and correctly rendered the summary judgment.

Judgment of the trial court is affirmed.