Evelyn J. CLICK et al., Petitioners,

v.

THURON INDUSTRIES, INC., et al.,
Respondents.

No. B–2504.

Supreme Court of Texas.

Jan. 12, 1972.

Parnass, Browning, Riddles & Clement, James G. Clement, Irving, Byrd, Davis, Eisenberg & Clark, Tom Davis and Don L. Davis, Austin, for petitioners.

Coke & Coke, Kenneth L. King and Patrick E. Higginbotham, Dallas, for respondents.

DENTON, Justice.

This suit for damages for wrongful death was brought by the widow and three minor children of Tracy D. Click, who was alleged to have been killed in the crash of a private airplane piloted by an employee of respondents. The crash occurred near Jefferson City, Missouri on March 12, 1967.

Suit was filed on June 19, 1968 in the District Court of Dallas County. Upon motion of both parties, the district court took judicial notice of applicable laws of the State of Missouri. The defendants below filed their motion for summary judgment on the ground the action for wrongful death was barred by the Missouri Statute of Limitations. This motion was sustained, and the court of civil appeals affirmed. Tex.Civ.App., 460 S.W.2d 506. We affirm the judgments of the courts below.

Petitioners urge here, as in the court of civil appeals, that the trial court erred in granting respondents' motion for summary judgment for two reasons: (1) Assuming the Missouri Statute of Limitations applies, the court erred in holding the Missouri Statute of Limitations did not apply retrospectively in this case, and that petitioners' cause of action is barred by limitations; and (2) the law of Texas and not the law of Missouri is applicable in this case.

■ We first consider petitioners' contention the law of Texas is applicable rather than the law of Missouri. The primary thrust of petitioners' argument is that Marmon v. Mustang Aviation, Inc., 430 S.W.2d 182 (Tex.Sup.1968) and other decisions of this court of like import should be overruled. There we held that Art. 4671, Vernon's Ann.Tex.St., the Texas wrongful death statute, does not have extraterritorial force, that the law of Colorado, the place of the airplane crash, rather than the law of Texas, the place of trial, was properly applied. In applying the law of the place of the wrong, the lex loci delictus doctrine, the court followed a long line of Texas cases beginning with Willis v. Missouri Pacific Railway Co., 61 Tex. 432 (1884). The court refused to depart from the long established doctrine. This doctrine was more recently recognized in Francis v. Herrin Transportation Co., 432 S.W.2d 710 (Tex.Sup.1968). That case was for damages by a widow for the husband's wrongful death from injuries sustained in Louisiana. In deciding that the limitation on the right to maintain the action was governed by Louisiana law the court held:

"Thus, the right conferred by that article [Art. 4678] is subject to the qualifications imposed by its terms, and one invoking the jurisdiction of our courts under the article must establish that he has *at that time* 'a right to maintain an action and recover damages' under the statute or law of the state or country where the wrongful act or neglect occurred. If by that law or statute the right to maintain the action and recover damages, although once given, no longer exists, our statute of limitation does not confer the right."

Under the well established law of this state, Art. 4671 does not apply to wrongful acts resulting in death which are committed outside of this state. The only basis of this statutory cause of action is the Missouri Statute which Texas Courts will enforce only by virtue of Art. 4678.

We reject petitioners' contention that the Texas wrongful death statute be given extraterritorial force. In so doing, we abide by the rule of stare decisis and decline to overturn the line of cases following Willis v. Missouri Pacific Railway Co. (supra). As stated in Marmon v. Mustang Aviation, Inc. (supra) : "An intention that the statute should have extraterritorial effect cannot be gathered from the wording of the statute, hence we do not have and will not have a 'choice of laws' situation unless and until the Legislature gives extraterritorial force to the statute."

We now consider petitioners' contention that, even if the Missouri law is applicable, the action was not barred by limitations. The argument is that the October 13, 1967 amendment to the Missouri Wrongful Death Act operated retrospectively and extended the time for bringing this suit to two years. The material parts of the Missouri Wrongful Death Act of 1955 in effect on March 12, 1967, are as follows:

"*Section 537.070. Action for wrongful death—who may sue*—Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered;

"(1) By the husband or wife of the deceased; or

"(2) If there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, whether such minor child or children of the deceased be the natural born or adopted child or children of the deceased; * * "

"*Section 537.100. Limitation of action—effect of absence of defendant and non-*

*suit*—Every action instituted under Section 537.070 shall be commenced within one year after the cause of action shall accrue; * * *"

Effective October 13, 1967, the Wrongful Death Act was amended substantially. The pertinent sections of that statute are:

"537.080. Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in very such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered.

"(1) By the spouse or minor children, natural or adopted, of the deceased, either jointly or severally; provided, that in any such action the petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under this subdivision; and provided, further, that only one action may be brought under this subdivision against any one defendant; or

"(2) If there be no spouse or minor children or if the spouse or minor children fail to sue within one year after such death, or if the deceased be a minor and unmarried, then by the father and mother, natural or adoptive, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor; or if the surviving parents are unable or decline or refuse to join in the suit, then either parent may bring and maintain the action in his or her name alone, for the use and benefit of both such parents; or * * *

"Section 537.090. In every action brought under Section 537.080, the jury may give to the surviving party or parties who may be entitled to sue such damages, not exceeding fifty thousand dollars, * * *

"Section 537.100. Every action instituted under Section 537.080 shall be commenced within two years after the cause of action shall accrue; * * *"

The 1967 amendments to the Act changed the number of Section 537.070 to 537.080; however, the wording of the first paragraph of that section remained unchanged. Paragraphs designated (1) and (2) were materially altered; and Section 537.100 was amended to extend the general limitation period from one year to two years.

■ Both parties cite and rely upon Uber v. Missouri Pacific Railroad Co., 441 S.W. 2d 682 (Mo.1969). It is a wrongful death case involving the same statutes that are under consideration here. In that case the death occurred, and the cause of action accrued on February 24, 1967. The limitation in effect at that time on behalf of the surviving spouse was six months (Sec. 537.-070), and would have run on August 24, 1967. The 1967 amendment became effective on October 13, 1967. The amendment extended the limitation period for the surviving spouse to one year. (Sec. 537.080 [2]). Suit was filed by the widow in her own name, but not on behalf of her minor child on February 21, 1968, within the one year period, but not within the six month period. The court stated the question:

"The issue for decision is whether the 1967 amendments which became effective October 13, 1967, more than six months but less than one year after the cause of action accrued, operated to enlarge the time allowed appellant for instituting this suit from six months to one year."

The court then held:

"We hold that the enactment of the 1967 amendments which became effective after appellant's cause of action had expired under the limitation existing at the time the cause of action accrued came too late to rescue her from the position in which the passage of time had placed her and that the trial court properly sustained respondent's motion to dismiss the petition as to her."

Petitioners argue the effect of the *Uber* decision is that the 1967 amendment applies retrospectively if the cause of action had not expired on the date the amendment became effective. We agree with that construction. The Court cited with approval the following language of that same court in Frazee v. Partney, 314 S.W.2d 915 (Mo. 1958), in commenting on its opinion in Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852 (1943): "* * * In that case we held that the extension of the period of limitation by amendment of a statute would extend an existing cause of action *which had not expired at the time of amendment*. (Emphasis ours)."

In the present case the surviving spouse is suing both in her individual capacity, and in behalf of her three minor children. Under the 1955 Act, the one year statute applied to the minors' cause of action, while the surviving spouse had six months to file suit. *Uber* recognized this:

"Therefore at the time the cause of action accrued, appellant had six months in which to institute her suit after which, if she failed to do so, the cause of action vested in the minor child."

It is clear that the language of the former statute created consecutive causes of action in the surviving spouse and the minor children. That is, the cause of action vested in the spouse for six months. If she did not bring suit within that time, the right to maintain suit then passed to and vested in the minor children. Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920 (Mo.1933); Forehand v. Hall, 355 S.W.2d 940 (Mo.1962). The minor children could then institute an action within one year after the cause of action accrued under the general limitation period provided for in Art. 537.100 of the former statute.

The wrongful death statute creates but one indivisible cause of action which remains the same whether enforced by the surviving spouse, by the minor child or children, or by the others named in the statute. Fair v. Agur, 345 Mo. 394, 133 S.W.2d 402 (1939); Nelms v. Bright, 299 S.W.2d 483 (Mo.1957). Under the 1955 Act, the minor children's cause of action had not expired when the 1967 Amendments became effective. We therefore are of the view the 1967 Amendments do apply to the petitioners' cause of action asserted here. This leads us to the question of whether petitioners are barred by the amended Missouri Statutes because of their failure to file this cause within one year after their cause of action accrued.

As admitted by petitioners, from the clear language of the present statute, a joint and several cause of action vests in the surviving spouse and the minor children of the deceased for a period of one year. However, petitioners further contend the 1967 revision created joint and several rights among all named beneficiaries, including the parents of the deceased. Thus it is argued, there being no internal limitation period stated for all named beneficiaries and each cause of action being joint and several, the general limitation period of two years is applicable. A comparison of the former statute with the present one shows the admittedly consecutive right of the minor children set out in subdivision (2) of the old Section 537.070 is comparable to the right of the father and mother in subdivision (2) of the present Section 537.080. Subdivision (1) of the new Section 537.080 provides for a joint and several cause of action in the surviving spouse and minor children. However, subdivision (2) of that section provides for an

alternative right of action in the deceased's father and mother "if the spouse or minor children fail to sue within one year after such death." This is the same limiting language placed in the former statute which created a consecutive right of action in the minor children. Whether the parents' right of action is consecutive or joint and several need not be decided. The question is whether the petitioners' cause of action is barred by limitations. The surviving spouse and minor children of the deceased filed this suit. The parents are not parties.

■ The petitioners, the surviving spouse and the minor children, filed this suit on June 19, 1968, some fifteen months after the cause of action arose. Under Section 537.080(2) they were required to institute this suit within one year after the death of their husband and father on March 12, 1967. Having failed to do so, the statute of limitation ran on their cause of action.

The judgment of the court of civil appeals is affirmed.

Concurring opinion by DANIEL, J., in which STEAKLEY and REAVLEY, JJ., join.

DANIEL, Justice (concurring).

I am compelled to concur, because of the precedents cited. However, in anticipation that the Legislature may some day look at this and similar cases in considering whether to amend the statutes which are held to require our application of the law of another state to this controversy,[1] we should note the factual allegations and arguments advanced by petitioners for the application of Texas law, as well as the difference that Texas law would make in the outcome of this decision.

Although the plane crash occurred in Missouri, all parties to this suit are alleged to be residents of Texas. Likewise, the deceased, Tracy D. Click, husband of petitioner Evelyn J. Click and father of their three minor children, was a resident of Dallas, Texas. It is alleged that his death was the result of acts of negligence on the part of employees of the owner of the private plane, Star-Bar, Inc., a corporation with its principal place of business in Dallas County, Texas, which company is a respondent herein; that Star-Bar, Inc., is the alter-ego of and controlled by the other respondent, Thuron Industries, Inc., a corporation which also has its principal place of business in Dallas County, Texas. Petitioners argue that the respective rights and relationships of the parties involved in or affected by this plane crash are all based in Texas; that Missouri has no domestic policy or interest in protecting or enforcing the respective rights of the Texas parties involved in the crash; and that Texas law should apply because Texas is the state with the greatest interest in and most significant contacts with the parties and the occurrence.

Under Missouri law, the cause of action is barred because it was not filed within one year after the death of Tracy D. Click. If Texas law were applicable, this action by the widow and her children, filed within two years after the death, would not be barred by limitation. Art. 5526, § 7, V.A.T.S. Under Texas law, they would have their day in court.

At least twenty states and the District of Columbia have abandoned the rigid "place-of-wrong" rule, under which only the law of the state of the injury or death may be considered and applied.[2] They have adopted the state-interest analysis or "most significant contacts" rule, under which is applied the law of the state hav-

---

1. Articles 4671 and 4678, V.A.T.S.

2. See cases cited by Professor Russell J. Weintraub in The Emerging Problems in

Judicial Administration of a State-Interest Analysis of Tort Conflict of Laws Problems, 44 S.Cal.L.Rev. 877 (1971).

ing the most significant relevant contacts with or interest in the parties or the occurrence. The Supreme Court of the United States has sanctioned the application of this rule, and there appears to be no constitutional impediment to the Texas Legislature extending the Texas Wrongful Death Statute to accidents occurring outside this state in a manner which would permit our courts to apply the state-interest analysis or most significant contacts rule. Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). The Legislature has extended Texas law to deaths of Texas employees occurring in other states due to injuries covered by the Workmen's Compensation Act. Art. 8306, § 19, V.A.T.S.

Petitioners' arguments for application of Texas law, in spite of this Court's consistent interpretation that Article 4671 has no extraterritorial effect, are the same as those which were made and overruled by a divided Court in Marmon v. Mustang Aviation, Inc., 430 S.W.2d 182 (Tex.1968). That case also involved Texas residents traveling on a business trip in a private airplane owned by a Texas corporation. Due to the negligence of the pilot, a Texas resident employed by the Texas corporation, the plane crashed in Colorado approximately 60 miles before crossing back into Texas. After applying Colorado law, including its statutory limit on recovery, the Court said:

> "The circumstance that we may believe that a case such as this should be controlled by Texas law or that the Legislature, after the development of the 'significant contacts rule,' should have amended the statute so as to give it an extraterritorial effect, does not authorize us to enter the legislative field. We have not yet adopted the theory that the Legislature's non-action authorizes judicial action in legislative matters." 430 S.W.2d at 187.

STEAKLEY and REAVLEY, JJ., join.