Jane S. PRATT, Administratrix of the Estate of Robert W. Pratt, Deceased, et al., Appellants,

v.

James O. ROYDER, Appellee.

No. 5394.

Court of Civil Appeals of Texas, Waco.

Dec. 19, 1974.

Rehearing Denied Jan. 23, 1975.

Byrd, Davis, Eisenberg & Clark, Don L. Davis, Tom Davis, Austin, for appellants.

Strasburger, Price, Kelton, Martin & Unis, Eugene Jericho, Royal H. Brin, Jr., H. Norman Kinzy, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant (plaintiff) Pratt from judgment sustaining appellee (defendant's) exceptions to plaintiffs' petition, reciting plaintiff announced she cannot amend to meet such exceptions, and dismissing plaintiffs' cause.

Plaintiff brought this wrongful death action as next friend of the surviving children and as administratrix of the estate of her deceased husband Robert W. Pratt, who was killed in a private airplane crash in Mexico on March 14, 1971. Defendant Royder was owner and pilot of the aircraft who survived the accident.

Plaintiff alleged causes of action for the wrongful death of her decedent based upon 1) the common law without regard to any statutory authority; 2) under Mexican law but applying the measure and elements of damages provided by the laws of Texas or Maine; 3) under the Texas Wrongful Death Act, Article 4671 et seq. Vernon's Ann.Tex.Civ.St.; and the Texas Survival Act, Article 5525 V.A.T.S.; and 4) under the laws of the State of Maine.

Defendant excepted contending: 1) Plaintiffs' petition fails to state a cause of action upon which relief can be granted because the action is governed solely by the laws of Mexico where the accident and death occurred; 2) There is no common law action for wrongful death in Texas; 3) Recovery of damages is sought by the law of Mexico, and measure of damages is sought by the laws of Texas and Maine. The measure of damages is governed by the place where the accident and death occurred, which is Mexico, and which has not been plead; 4) The Texas Wrongful Death Act and Texas Survival Act have no extraterritorial effect and are not applicable to the Mexico airplane crash and death; 5) The laws of Maine are inapplicable as to damages, as only the law of Mexico is applicable.

As noted the ·trial court sustained the foregoing exceptions, and noting that plaintiff declined to amend, dismissed plaintiffs' cause. Appellant (plaintiff) appeals on 4 points contending the trial court erred in dismissing plaintiffs' cause of action:

1) For wrongful death based upon the common law.

2) For wrongful death based upon the law of Mexico but applying the measure of damages under the laws of Texas or Maine.

3) Based on the Texas Wrongful Death Act and the Texas Survival Act.

4) Based upon the laws of the state of Maine.

The facts are undisputed. Plaintiffs, surviving widow and minor children are residents of Maine, as was the decedent; all plans and arrangements for the airplane trip were made in Maine. Defendant is a resident of Texas. The aircraft was hangared in Dallas, Texas; the flight originated in Dallas, was scheduled to terminate in Dallas; but crashed in Mexico killing decedent.

As appellant has recognized in his brief Marmon v. Mustang Aviation, Inc., Sup. Ct., 430 S.W.2d 182; and Click v. Thuron Industries, Inc., Sup.Ct., 475 S.W.2d 715 are directly contrary to his position.

These cases hold: 1) that insofar as Texas is concerned an action for wrongful death did not exist at common law; 2) that Article 4671 et seq. (The Texas Wrongful Death Statute) does not have extraterritorial force; 3) Texas follows the doctrine of *lex loci delectus,* the law of the place of the wrong. Thus a wrongful death action based on the law of Mexico must apply the measure of damage of the law of Mexico, and not the Texas or Maine measure of damages.

Here as in Click, supra, the primary thrust of appellants' argument is that Marmon, supra, and other decisions of like import should be overruled, and that Texas should abandon the "place of the wrong rule", and adopt the "most significant contacts" rule. Our Supreme Court in Click declined to do such, but reaffirmed Marmon.

All appellants' points are overruled.

Affirmed.