**Carl E. DAY, Administrator of the Estate of Julia Day, Deceased, (Plaintiff) Appellant,**

v.

**Lyle H. BRANDON and Swift & Company, a Corporation, (Defendants) Respondents.**

No. 51337.

Supreme Court of Missouri,

Division No. 1.

Oct. 11, 1965.

**406**

---

Granville L. Gamblin, Clayton, Thomas R. Dowd, St. Louis, for appellant.

Hale Houts, Thad C. McCanse, Houts, James, McCanse & Larison, Kansas City, for respondents.

HOLMAN, Judge.

Plaintiff, as administrator of the estate of Julia Day, deceased, filed this suit in an effort to recover damages in the sum of $25,000 for the alleged wrongful death of his decedent. The trial court sustained defendant's motion to dismiss and plaintiff has duly appealed from that judgment.

The motion to dismiss was based on the ground that plaintiff's petition failed "to state a claim upon which relief can be granted since it appears on the face of the petition that at the time of the death of Julia Day, she left a husband surviving her and under the Statutes of Missouri, 537.080 and 537.020, RSMo 1959 [V.A.M.S.], this action must be brought by the surviving husband or by his administrator."

Plaintiff's right to maintain this action is obviously governed by § 537.080 (unless otherwise indicated all statutory references are to RSMo 1959, V.A.M.S.). That section provides that damages for wrongful death may be sued for and recovered:

"(1) By the husband or wife of the deceased; or

"(2) If there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, * * * or

"(3) If such deceased be a minor and unmarried * * * [this provision is not applicable here], or

"(4) If there be no husband, wife, minor child or minor children, natural born or adopted as herein indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent."

The petition in this case was filed July 12, 1962. It alleged the following: "That on April 10, 1962, Julia Day died in Jackson County, Missouri, as a result of injuries she received in a collision of the station wagon automobile in which she was riding as a passenger and a trailer-truck * * * ; that on June 28, 1962, the deceased's son, Carl E. Day, * * * was duly appointed Administrator of the Estate of Julia Day * * *. [Omitted here are allegations to the effect that a truck driven by defendant Brandon, as agent for defendant Swift, collided with a station wagon in which deceased was riding as a passenger and that such collision was caused by the negligence of defendants.] That deceased Julia Day, wife of William V. Day, was killed instantly in said collision and that her husband, William V. Day, died of injuries received therein at a hospital in Jackson County, Missouri, on April 11, 1962; that William V. and Julia Day, husband and wife, were survived by six children, * * * al' of whom attained the age of 21 years prior to the death of their said mother on April 10, 1962, and the

death of their father on April 11, 1962." It was also alleged that three of the adult children were partially disabled and had received and would have received in the future pecuniary benefits from deceased Julia Day.

The judgment of dismissal was entered on January 26, 1965.

The trial court ruled correctly in dismissing plaintiff's petition. One seeking to recover under the provisions of § 537.080 must plead facts sufficient to bring himself within its terms and requirements. Under the facts alleged in plaintiff's petition, the right to recover damages for the alleged wrongful death of Julia Day was clearly vested in her surviving husband by the specific provisions of the foregoing statute. The fact that William V. Day died the next day without having filed a suit or settled his claim would not create any right of recovery in the administrator of his wife's estate.

We are supported in our view by the case of Betz v. Kansas City Southern Ry. Co., 314 Mo. 390, 284 S.W. 455. The pertinent facts in that case are identical with those in the case before us. In ruling Betz this court stated: "It stands admitted in the instant case that Jennie Baker was survived by her husband. Under the wrongful death statute in question, he fell within the first class of beneficiaries who are given the right to sue and to maintain an action thereunder. A right of action sprang up, or vested, in him, under and by virtue of the statute, immediately upon the death of his wife. The right of action thus given by statute to the husband for his wife's death is dependent solely upon his surviving his wife, and not upon the commencement, or time of commencement, of a suit by him (unless, of course, there be a minor child or children, when the husband must sue within six months after the wife's death). His failure to sue, whether by reason of death or otherwise, does not revest the right of action in the wife's personal representative, who is the plaintiff in this ac-

tion." 284 S.W. 462, 463. While the Betz case involved the old railroad penalty statute (§ 4217, RSMo 1919), the provisions thereof relating to the persons entitled to recover are the same as those in § 537.080. The ruling in the recent case of Forehand v. Hall, Mo.Sup., 355 S.W.2d 940 [6], is in accord with the principles stated in Betz.

Plaintiff states in his brief that he has also been appointed administrator of the estate of his father and that he has filed a suit against defendants to recover damages for his wrongful death. As an alternative contention plaintiff says that even though we hold that the petition was properly dismissed, the judgment should be reversed and cause remanded for the reason stated in Point II of his brief, which reads as follows: "Suit having been filed within twelve months, for damages resulting from wrongful death of Julia Day, mother of those identical persons entitled to recover for wrongful death of father William V. Day, and there being no minor children; cause should be remanded to permit plaintiff to amend petition for wrongful death of William V. Day to also seek recovery for death of Julia Day, such being a cause of action for which his administrator could have recovered for the same persons beneficially interested in recovering for his death had William V. Day's administrator brought suit for her death in his petition for the death of William V. Day."

Plaintiff apparently considers it necessary to obtain a reversal of the judgment in the instant case in order for him to amend the petition in the other case and seek recovery therein for the death of Julia Day. In view of our decision on this point we need not consider the question as to whether a reversal is required in order for plaintiff to pursue the course he suggests. We cannot grant the relief plaintiff seeks. We have ruled that the trial court did not err in entering its judgment of dismissal, and Civil Rule 83.13(b), V.A.M.R., provides that "[n]o appellate court shall reverse any judgment, unless it believes that error was committed by the trial court

against the appellant, materially affecting the merits of the action." In the situation before us we are precluded from reversing the judgment by the terms of the quoted rule. See Owings v. White, Mo.Sup., 391 S.W.2d 195. The case of Nelms v. Bright, Mo.Sup., 299 S.W.2d 483, cited by plaintiff, involves an entirely different factual situation and has no application to the question before us.

In view of the foregoing we need not consider the contention briefed by defendants to the effect that the one year statute of limitation (§ 537.100) would, in any event, bar a recovery by William's administrator for Julia's death even though an amendment seeking that relief should be made at this time.

For the reasons stated the judgment is affirmed.

All concur.