Charles **PEDROLI**, Administrator of the Estate of Angelo Pedroli, Deceased, Plaintiff-Appellant,

v.

**MISSOURI PACIFIC RAILROAD, a corporation, and Thomas Charles Cerutti, Defendants-Respondent.**

No. 36331.

Missouri Court of Appeals,
St. Louis District, Division One.

June 17, 1975.

Riggio & Crouther, LeRoy Crouther, Jr., Thadeus F. Niemira, St. Louis, for plaintiff-appellant.

Charles P. Lippert, Charles E. Gray, St. Louis, for defendants-respondents.

WEIER, Presiding Judge.

Charles Pedroli, administrator of the estate of Angelo Pedroli, deceased, filed suit for the wrongful death of decedent's wife, Louise Pedroli. The petition was dismissed by the trial court for failure to state a claim upon which relief could be granted. On appeal, the sole issue concerns the survival of a wrongful death action in the administrator of a decedent who died subsequent to the alleged wrongful death of his spouse without having filed the action. We affirm the action of the trial court in dismissing the petition.

The facts disclosed by the pleadings indicate that on March 13, 1971 Louise Pedroli, the wife of Angelo Pedroli, while a passenger in an automobile driven by David Cerutti, was fatally injured in a collision with a train of the Missouri Pacific Railroad in the City of St. Louis. David Cerutti also died in this accident. Sixteen days thereafter, on March 29, 1971, Angelo Pedroli, without having filed any wrongful death action, died and plaintiff Charles Pedroli was appointed the administrator of his estate. The administrator then brought this action for the death of Louise Pedroli, alleging specific acts of negligence by the defendant Missouri Pacific Railroad and the deceased, David Cerutti. The petition stated that it was brought pursuant to § 537.020, RSMo 1969, V.A.M.S., and prayed damages in the sum of $50,000.00.

Plaintiff administrator contends on appeal that he is the proper party to commence an action for the wrongful death of Louise Pedroli. He submits that Angelo Pedroli had a vested right to bring this action after the death of his wife which did not abate at his death. Further, plaintiff administrator contends that the right having once vested in the deceased passed to plaintiff as deceased's personal representative and the administrator of his estate pursuant to § 537.020.

Section 537.020 reads in part as follows: "1. * * * Causes of action for death shall not abate by reason of the death of any *party to any such cause of action*, but shall survive to the personal representative of such *party bringing such cause of action* * * *." (Emphasis added.) As plaintiff acknowledges, the basic question to be decided under this provision of § 537.020 is whether Angelo Pedroli, the deceased's husband, had to institute an action for his wife's death prior to his own death in order for this claim to survive to his personal representative, who is in this case the plaintiff. Plaintiff bases his argument on §§ 537.010, other provisions of 537.020, and 537.080, RSMo 1969, V.A.M.S. He urges that these statutory provisions should be

considered *in pari materia* and must be construed together in order to maintain harmony in this area of the law. Section 537.010 provides that actions for property damage may be brought by the person injured or by his administrator after his death. Section 537.020, before that portion previously quoted, provides that causes of action for personal injuries not resulting in death should not abate by reason of death but should survive to a personal representative of such injured party. Section 537.080 designates the specific and exclusive parties who have a right to commence an action for wrongful death: First, the surviving spouse or minor children of the deceased; if none of these survive or do not bring an action, then the surviving parents of a deceased; and if none of these parties survive, the deceased's administrator. Plaintiff submits that the language of § 537.020, *supra*, in regard to survival of wrongful death actions, is ambiguous, and that the legislature could not have intended certain actions such as personal injury claims and property damage claims to survive to a personal representative or administrator, and at the same time not intend wrongful death actions to survive in the same manner. We do not see that the language of that portion of the section questioned is ambiguous and can see no basis for the application of the rule of construction which he seeks to apply.

■ The primary rule of statutory construction is to ascertain the intent of the legislature. Missouri Pacific Railroad Company v. Kuehle, 482 S.W.2d 505, 509[3] (Mo. 1972). This legislative intent should be ascertained from the words used, if possible, and in doing so the words should be given their plain and ordinary meaning so as to promote the object and manifest purpose of the statute. State ex rel. State Highway Commission v. Wiggins, 454 S.W.2d 899, 902[5] (Mo. banc 1970). When the language of a statute is unambiguous and conveys a plain and definite meaning, the courts have no business to look for or to impose another

meaning. DePoortere v. Commercial Credit Corporation, 500 S.W.2d 724, 727[1] (Mo. App.1973). If a statute is unambiguous, a court should regard it as meaning what it says since the legislature is presumed to have intended exactly what it states directly. DePoortere v. Commercial Credit Corporation, *supra* at 727[2].

■ The applicable language of § 537.020 is plain and unambiguous. It conveys a definite meaning. When it says: "Causes of action for death shall not abate by reason of the death", it refers to "death of any party to any such cause of action". When it states that the cause of action shall survive to the personal representative, it refers to "the personal representative of such party bringing such cause of action". Clearly, survival of the cause of action to the personal representative of any party is dependent upon that party having brought the cause of action before his death. If, as suggested by the plaintiff, we consider the other sections to which he referred (§§ 537.-010, the provisions of 537.020 applicable to survival of claims for personal injuries, and 537.080), our conclusion is the same. The language of these provisions is plain. There is no language to indicate that in such actions a suit must be brought by the deceased prior to his death in order that the actions survive.

■ Historically, at common law, a tort action for wrongful death did not survive the death of either the victim or the wrongdoer. Manson v. Wabash Railroad Company, 338 S.W.2d 54, 57[1] (Mo. banc 1960). A person suing under the statute must bring himself in his pleadings and proof strictly within the statutory requirements. If this is not done, then the petition states no cause of action and the proof is insufficient to sustain the judgment. Chandler v. Chicago & A. R. Co., 251 Mo. 592, 158 S.W. 35, 37[4] (1913).

Perhaps, as plaintiff suggests, an anomalous result is achieved in the situation

presented here if his appeal is denied. An argument could be made that in certain circumstances, that is, where a person survives a short time after the wrongful death of his or her spouse and is not able to initiate a cause of action, a possible hardship ensues. The language of § 537.020 has been subject to question on this particular point.[1] However, even assuming an undesirable result may occur, we are not at liberty to alter plain statutory wording to overcome this and allow a cause of action to be created when the decisions of this state so clearly confine the right of action to the wording of the statutes. If the statute brings about an undesirable result, any change is for legislative consideration.

Much the same question with regard to interpretation was presented to the court in Heil v. Rule, 327 Mo. 84, 34 S.W.2d 90 (1931). There, an action for personal injury was brought some three months after the death of the alleged tort-feasor. The action was instituted against the defendant Rule as executor of the estate of the deceased tort-feasor. The cause of action was based upon the first part of the provisions of what is now § 537.020 (then § 4231, RSMo 1919). At that time the section read in part as follows: "Causes of action upon which suit has been or may hereafter be brought by the injured party for personal injuries, other than those resulting in death, * * * shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, * * *." The court pointed out that the statute must be construed as exempting from the operation of the common law rule only those causes of action upon which *suit had been brought* before the death of either party. It is interesting to note that when this section was amended in 1947 to eliminate the words "upon which suit has been or may hereafter be brought", a second sentence was added: "Causes of action for death shall not abate by reason of the death of a party liable for such death, but shall survive against the legal representatives of such party." A.L. 1947, V. II, p. 225. Then, in 1949 the last sentence was changed to its present reading. A.L.1949, p. 633. Certainly, the legislature by its action in 1949 intended to add the restriction which requires the bringing of a cause of action by the person entitled to recover before it may survive to the personal representative of that party.

It appears that no appellate court has ruled on the precise issue presented to us in this case since the statutory amendment in 1947 allowed wrongful death actions to survive. To sustain his position, the plaintiff has cited Day v. Brandon, 394 S.W.2d 405 (Mo.1965). In the *Day* case an administrator of a wife's estate brought a wrongful death action for her death. She had died first in a near simultaneous death situation. The court dismissed the plaintiff's petition and held that the cause of action "vested" in the surviving spouse, the husband. Plaintiff argues that nothing in the *Day* opinion suggests the surviving spouse's cause of action abated at his death. But this argument does not aid plaintiff since the court was not required to reach this issue and did not do so. The court merely pointed out that the cause of action, although vesting in the surviving husband who only survived for one day and did not file suit, did not thereupon revest in the wife's administrator who is not named in the statute, § 537.080, *supra*, as being one of the persons who may bring a statutory death action where a spouse survives.

█ We conclude that under the language of § 537.020, Angelo Pedroli's cause of action for the wrongful death of his wife abated upon his death since he did not

1. See: Lewis, *Can Two be Killed as Cheaply as One?*, 22 Mo.Bar Journal 368 (1966).

commence this action before his death. Accordingly, there was no cause of action that survived to his personal representative, the plaintiff in this case. Since the plaintiff had no statutory right to bring an action for the wrongful death of Louise Pedroli, the circuit court properly dismissed plaintiff's petition.

The judgment is affirmed.

DOWD and RENDLEN, JJ., concur.