Alton STODDARD, Personal Representative for the Estate of Nancy Lee Robison, and Ruth A. Cole, as Guardian and Successor Conservator of Harold Lee Robison, Kimberly M. Robison, Roscoe W. Robison, Jr., and Roxanne R. Robison, Minors, Plaintiffs,

v.

Lyle Stanley COCKRUM, T. E. (Eugene) Harris, Norma Harris, E. M. (Essary) Warren and Ima Jean Warren, d/b/a Harris Trucking Company, Defendants.

Civ. A. No. 80–3311–CV–S.

United States District Court, W. D. Missouri, S. D.

Feb. 4, 1982.

John E. Price, William H. McDonald, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, Mo., for plaintiffs.

Donald E. Woody, Springfield, Mo., for defendant Cockrum.

Frank M. Evans III, Miller, Sanford, Joyner, Westbrooke & Charles, Springfield, Mo., for defendants Harris and Warren.

ORDER ON PENDING MOTIONS

COLLINSON, District Judge.

The Court is presently occupied with two related questions which require interpretation of the substantive law governing the Missouri Wrongful Death Act. One question requires us to pass upon the retroactive applicability of an amendment to the statute of limitations provision of the Missouri Wrongful Death Act, Mo.Rev.Stat. 537.080 (1978). The other seeks to know if a cause of action in wrongful death passes to the personal representative of a surviving spouse if that spouse dies without appropriating it by filing suit.

There is no dispute among the parties as to the facts which give rise to this lawsuit. On September 19, 1979, Roscoe Robison, Sr., was killed in an automobile accident on Interstate 44 in Webster County, Missouri. The plaintiffs brought this action for wrongful death on October 24, 1980. It was filed by Alton Stoddard as personal representative for the estate of Nancy Lee Robison and by Ruth A. Cole, as guardian and successor conservator of Harold Lee Robison, Kimberly M. Robison, Roscoe W. Robison, Jr., and Roxanne Robison, minors. The substantive law of Missouri controls the lawsuit because the injury and death occurred in Missouri. *Bazzano v. Rockwell International Corp.*, 439 F.Supp. 1167 (E.D. Mo.1977). See also, *Crowder v. Gordon's Transport, Inc.*, 387 F.2d 413, 415 (8th Cir. 1967).

Before proceeding further, the Court feels obliged to provide a synopsis of the relevant motion practice in this case. On December 11, 1980, the plaintiffs filed a motion to strike Counts II and III of defendants Eugene Harris, Norma Harris, E. M. Warren and Ima Jean Warren's answer wherein they pled that the statute of limitations provision of the death act bars this suit. In the alternative, the plaintiffs moved for partial summary judgment on the statute of limitations question. On December 23, 1980, four of the defendants, Eugene and Norma Harris and E. M. and Ima Jean Warren, filed a motion for partial summary judgment on the statute of limi-

tations issue. In March of 1981, the remaining defendant, Lyle Stanley Cockrum, moved for summary judgment on Counts I, II and III of plaintiffs' complaint, alleging that the statute of limitations barred suit and incorporated by reference the suggestions filed by his co-defendants in opposition of plaintiffs' motion to strike. On July 13, 1981, this defendant filed a motion to dismiss from the lawsuit any claims brought by the personal representative of Nancy Lee Robison. He alleges that the complaint of Alton Stoddard is barred by Mo.Rev.Stat. 537.020 (1978). A similar motion was later filed by the other defendants.

The Court first turns its attention to the question of the retroactive applicability of an amendment to a statute of limitations provision in the Missouri Wrongful Death Act. Roscoe Robison died on September 19, 1979. On August 6, 1979, the Missouri legislature amended the death act to delete the one (1) year statute of limitations provision within which the surviving spouse and minor children must bring suit and extended it to a period of three (3) years. This amendment became effective on September 28, 1979. Suit was filed on October 24, 1980, more than one year after the cause of action accrued.

The problem posed by this sequence of events is whether or not the one-year time limitation may be extended by the subsequent amendment enlarging the time for filing by spouses and minor children. If the one year statute of limitation provision is applicable, then plaintiffs' suit is untimely. After considering this question for some time, the Court finds that an amendment to the statute of limitations provision of the Missouri Wrongful Death Act may benefit a claim which has accrued and not yet expired under the old provision on the date the amendment becomes effective.

The Court bases its judgment upon a careful reading of *Uber v. Missouri Pacific Railroad Company*, 441 S.W.2d 682 (Mo. 1969). In that case, the plaintiff widow sued for the wrongful death of her husband which occurred on February 24, 1967. At

the time the cause of action accrued, the Missouri Wrongful Death Act contained two periods of limitations; the first required that a widow, if there be no minor children, shall file a suit within six months after the date of death; the second provision held that all actions commenced under the death act had to be filed within one year after the cause of action accrued. *Id.* at page 686. The deceased was survived by one minor son. Thus, when the cause of action accrued, the widow had six months, or, until August 24, 1967, in which to initiate suit before the cause of action vested in the boy. She filed suit on February 21, 1968.

On October 13, 1967, more than six months after the cause of action accrued, the legislature effectively amended this provision to allow a widow with a minor child one year in which to commence a suit. The question before the Missouri Supreme Court was whether or not the widow's cause of action could benefit from the subsequent amendment. The Court held that

> ... [t]he enactment of the 1967 amendment which became effective after appellant's cause of action expired under the limitation existing at the time the cause of action accrued came too late to rescue her from a position in which the passage of time had placed her...

*Id.* at p. 687.

The clear implication of this holding is that *if* the amendment had become effective before appellant's cause of action expired under the limitation period existing at the time it accrued, it could indeed have retroactive applicability. The Supreme Court makes its position plain by quoting, in the text of *Uber*, a portion of an opinion previously rendered in *Frazee v. Partney*, 314 S.W.2d 915, 919 (Mo.1958). That quoted portion recites, in pertinent part, that

[t]he extension of the period of limitation by amendment of the statute would extend an existing cause of action *which had not expired at the time of the amendment* (emphasis ours).

*Id.* at p. 687.

In our case, Roscoe Robison died on September 19, 1979, and the death act statute of limitation provision in effect at the time allowed the surviving spouse and minor children one year in which to file suit. Some nine days later, on September 28, 1979, the statute was effectively amended to allow a period of three years for filing. In a holding consistent with *Uber, supra,* we find that the cause of action was benefited by the subsequent extension of time in which to file because it had accrued and was not yet expired on the date the extension became effective. Thus, plaintiffs' motion for partial summary judgment is sustained on this issue.[1]

■ On July 13, 1981, the defendant Lyle Stanley Cockrum moved to dismiss the claims of plaintiff Alton Stoddard. The Court shall consider this a motion for summary judgment pursuant to Fed.R.Civ.P. 56. The motion states, quite correctly, that Stoddard is seeking to recover for the wrongful death of Roscoe Robison as personal representative of Mr. Robison's deceased wife, Nancy Lee Robison. The defendant maintains that since Nancy Lee Robison died on August 30, 1980, and that this action was not instituted until October 24, 1980, her cause of action abated at death and did not pass to her personal representative. The plaintiff has filed suggestions in opposition to the motion. The remaining defendants, T. E. Harris, Norma Harris, E. M. Warren, and Ima Jean Warren, d/b/a Harris Trucking Company, filed a compan-

1. In so holding, we do not find it necessary to treat in detail plaintiffs' argument, expressed in its additional suggestions in support of the motion to strike or alternative motion for summary judgment, that they had two years from the time the cause of action accrued to institute suit because Roscoe Robison's father and mother are presently deceased. Plaintiffs' rely on *Almcranz v. Carney*, 490 S.W.2d 59 (Mo. 1973) and maintain that where there are no surviving parents, the spouse and minor children have two years to institute suit under the wrongful death act. The Court is confident that this is the holding of Almcranz, but it is only relevant when no parents survive decedent at the time of death. In the instant case, the mother of Roscoe Robison survived him. She did not die until July of 1981.

ion motion for summary judgment against Stoddard based upon Cockrum's theory.

Survival of a cause of action in Missouri is controlled by Mo.Rev.Stat. 537.020 which recites, in pertinent part, that

1. ... causes of action for death shall not abate by reason of the death of any party to any such cause of action, but shall survive to the personal representative of *such party bringing such cause of action and against the person, receiver or corporation liable for such death* ... (emphasis added).

The reasonable interpretation of this statutory provision is that a cause of action only survives to the personal representative where the deceased instituted an action prior to death. This statute is so construed by the Missouri Court of Appeals in *Pedroli v. Missouri Pacific Railroad*, 524 S.W.2d 882 (Mo.App.1975). In *Pedroli*, the court held:

Under the language of Section 537.020, Angelo Pedroli's cause of action for the wrongful death of his wife abated upon his death since he did not commence ... [an] action before his death. Accordingly, there was no cause of action that survived to his personal representative...

*Id.* at pp. 885–886.

The surviving spouse of Roscoe Robison, Nancy Lee Robison, did not institute an action in wrongful death prior to her own demise. Therefore, she had not appropriated the cause of action and it had not passed to her personal representative under the holding of the *Pedroli* case.

Thus, the Court has no alternative but to grant defendants' respective motions for summary judgment on this issue.

After due consideration and in the interests of justice it is

ORDERED that plaintiffs' alternative motion for partial summary judgment, on the statute of limitations issue, filed December 11, 1980, shall be, and hereby is, granted; and further, it is

ORDERED that defendants Eugene and Norma Harris and G. M. and Ima Jean Warren's motion for summary judgment, filed December 23, 1981, shall be, and hereby is, denied; and further, it is

ORDERED that defendant Lyle Stanley Cockrum's motion for summary judgment, filed March 13, 1981, shall be, and hereby is, denied; and further, it is

ORDERED that defendant Lyle Stanley Cockrum's motion to dismiss, filed July 13, 1981, shall be, and hereby is, granted; and further, it is

ORDERED that defendants, Eugene and Norma Harris and E. M. and Ima Jean Warren's motion for summary judgment filed July 29, 1981, shall be, and hereby is, granted.