Sylvester EARVIN, Appellant,

v.

CIVIL SERVICE COMMISSION,
Respondent.

No. 45673.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 8, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 13, 1983.

Application to Transfer Denied
June 30, 1983.

Thomas B. Maue, St. Louis, David G. Dempsey, Shifrin, Treiman, Barken, Dempsey & Ulrich, Clayton, for appellant.

Judith Ronzio, St. Louis, for respondent.

CLEMENS, Senior Judge.

Appellant-employee Sylvester Earvin appeals from the defendant's order terminating his employment. The circuit court affirmed and Earvin has appealed.

Here, Earvin contends the evidence failed to show he was unwilling to work and his temporary inability did not warrant discharge. The Commission contends the discharge was within its discretion under rules allowing it to discharge an employee "unable or unwilling" to work, and that our scope of review is limited to deciding whether the Commission's action was supported by competent and substantial evidence. Those are the issues here.

The Commission found from the evidence: For some 30 months Earvin was a tow-truck driver hired primarily to remove wrecked autos from streets. The issues here concern Earvin's injury on December 6, 1980 when he was removing a wrecked auto. He was then examined by two doctors. The City's doctor found he was able to return to work. Earvin's personal physician found he was unable to do so, even a month after his injury. Earvin did then report back to work but after four hours he "reaggravated" his month-old injury and left work.

Defendant's supervisors concluded Earvin could not say when he could return to work. The matter was then presented to the Commission for an evidentiary hearing.

Based on the above evidence the Commission conducted a formal hearing and concluded: Earvin was unable to perform his duties and the Commission had good cause to discharge him; that the discharge was authorized by its Rule IX, Section 3(a)(6) saying that an employee may be discharged when "unable or unwilling to perform the duties of his position in a satisfactory manner. . . . "

On Earvin's appeal the circuit court affirmed the Commission's order.

The key words here are "unable" and "unwilling". Earvin argues that the interpretation given these words was out of harmony with other Commission rules, but we must follow the rule relied on by the Commission in discharging Earvin. This because "when the language of a statute is unambiguous and conveys a plain and definite meaning, the courts have no business foraging among such rules to look for or impose another meaning." *DePoortere v. Commercial Credit Corporation*, 500 S.W.2d 724[1] (Mo.App.1973). "If a statute is un-

ambiguous, a court should regard it as meaning what it says since the legislature is presumed to have intended exactly what it states directly." *Pedroli v. Missouri Pacific Railroad*, 524 S.W.2d 882[1, 2] (Mo.App. 1975). As explained in *Jackson v. Wilson*, 581 S.W.2d 39[4, 5] (Mo.App.1979):

> "[Appellant's] argument fails to wash for the principal reason that the language employed in the statute is unambiguous, conveys a plain and definite meaning, and the legislative intent which prompted its enactment is clearly discernible. When such is the case, this court should and will abstain from foraging among various peripheral rules of construction for the purpose of rewriting a statute under the guise of construing it."

Our scope of review is limited. In *Hermel, Inc. v. State Tax Commission*, 564 S.W.2d 888[1] (Mo. banc 1978), the court ruled: "The evidence must be considered in a light most favorable to the administrative body, together with all reasonable inferences which support it, and if the evidence would support either of two opposed findings, the reviewing court is bound by the administrative determination."

And, in *Aubuchon v. Gasconade County R-I School District*, 541 S.W.2d 322 [4-7] (Mo.App.1976) we ruled (a) our scope of review first looks to relevant substantial and competent evidence, (b) then decides whether on that record the agency's conclusion is reasonable, viewed in a light favorable to its findings, and (c) the agency's ruling is presumably correct, and may be overcome only by clear and convincing evidence to the contrary.

So viewed, we find no basis for appellant Earvin's challenge to the circuit court's denial of his appeal.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.