Dear Dr. Black:
This opinion is in response to your request asking whether hearings of the Board of Probation and Parole are required under the Open Meetings Law (Chapter 610, RSMo Supp. 1982) to be open to the public. We will consider in this opinion the application of the law to both parole hearings and parole revocation hearings held by the Board.
The Open Meetings Law states, in part:
 [A]ll public meetings shall be open to the public and public votes and public records shall be open to the public for inspection and duplication. (Section 610.015, RSMo 1978).
The quoted portion of the statute sets the tenor for the Open Meetings Law, namely, that meetings of public bodies shall be open to the public with certain, specified exceptions. See, Wilson v.McNeal, 575 S.W.2d 802 (Mo.App. 1978).
A threshold question is whether the Board of Probation and Parole (hereinafter "Board") is a "public governmental body" within the meaning of the Open Meetings Law. That term is defined as follows:
 "Public governmental body", any legislative or administrative governmental entity created by the constitution or statutes of this state, by order or ordinance of any political subdivision or district, or by executive order, including any body, agency, board, bureau, council, commission, committee, department, or division of the state, of any political subdivision of the state, of any county or of any municipal government, school district or special purpose district, any other legislative or administrative governmental deliberative body under the direction of three or more elected or appointed members having rulemaking or quasi-judicial power, any committee appointed by or under the direction or authority of any of the above named entities and which is authorized to report to any of the above named entities, and any quasi-public governmental body. . . . Section 610.010(2), RSMo Supp. 1982.
The Board was assigned in 1982 to the Department of Corrections and Human Resources (Section 217.655.1, RSMo Supp. 1982). It is made up of three members appointed by the governor. It has the power to order paroles and revocations, and to issue regulations. Sections 217.655 to 217.690, RSMo Supp. 1982. As an administrative board of three appointed officials with rulemaking and quasi-judicial powers, it clearly comes within the scope of the definition of "public governmental body."
Since the Open Meetings Law states that meetings of "all" public governmental bodies must be open, unless a particular exemption exists for the Board, its hearings must be open to the public.Cohen v. Poelker, 520 S.W.2d 50 (Mo. banc 1975). A specific exemption for "proceedings involving parole" present in the original version of the Open Meetings Law was deleted in the 1982 amendments.See, House Bill 1253, 81st General Assembly. Consequently, one must search within more general provisions of the law to determine whether the hearings in question can be exempted, keeping in mind that exemptions to the law must be strictly interpreted. Hudsonv. School District of Kansas City, 578 S.W.2d 301 (Mo.App. 1979).
As we noted earlier, a portion of the Open Meetings Law deleted in 1982 provided that "proceedings involving parole may be a closed meeting, closed record, or closed vote." See, Section610.025.1, RSMo 1978. Added at that time was a paragraph allowing closed meetings "as otherwise provided by law." Section 610.025.4, RSMo Supp. 1982. Although none of the Missouri statutes contain provisions specifically mandating a closed meeting, closed record, or closed vote for the Board, portions of the enabling legislation for the Department of Corrections and Human Resources does forbid disclosure of records which would normally be presented and discussed during the course of a parole or parole revocation hearings.
Section 217.715, RSMo Supp. 1982, provides:
 The preparole report and the supervision history obtained in the discharge of official duties by any member or employee of the board shall be privileged and shall not be disclosed directly or indirectly to anyone other than the board, the judge of the court having jurisdiction over the defendant, or others entitled under sections 217.650 to 217.810 to receive such information, except that the board or court may at their discretion permit the inspection of the report or parts thereof by the defendant or prisoner or his attorney, or other person having a proper interest therein, whenever the best interest or welfare of a defendant or prisoner makes the action desirable or helpful.
Section 217.780, RSMo Supp. 1982, provides:
 The clerk of the court shall keep in a permanent file all applications for probation or parole by the court, and shall keep in such manner as may be prescribed by the court complete and full records of all probations or paroles granted, revoked or terminated and all discharges from probations or paroles. All court orders relating to any probation or parole granted under the provisions of sections 217.010 to 217.615, 217.650 to 217.810, 558.011 and 558.026, RSMo, shall be kept in a like manner, and, if the defendant subject to any such order is under the supervision of the state board of probation and parole, a copy of the order shall be sent to the board. In any county where a parole board ceases to exist, the clerk of the court shall preserve the records of that board. Information and data obtained by a probation or parole officer shall be privileged information, and shall not be receivable in any court. Such information shall not be disclosed directly or indirectly to anyone other than the members of a parole board and the judge entitled to receive reports, except the court may in its discretion permit the inspection of the report, or parts thereof, by the defendant, or prisoner or his attorney, or other person having a proper interest therein, whenever the best interest or welfare of a particular defendant or prisoner makes such action desirable or helpful.
Section 217.205, RSMo Supp. 1982, provides:
 Any information, report, record or document on any inmate obtained in the discharge of official duties by any employee of the division shall be privileged and confidential and shall not be disclosed directly or indirectly, except as provided in section 217.315.
We believe the quoted statutory provisions apply to Board hearings and forbid the discussion or presentation in an open hearing of preparole reports, and supervision histories, as well as information and data obtained by parole officers in the course of official duties. The apparent purpose of these statutes is to protect the privacy of the prisoner or parolee, as well as that of the doctor, psychiatrist or other person evaluating and investigating the prisoner or parolee. This would seem to conflict with the apparent intent of the legislature to open up the hearings of the Board. Therefore, we must harmonize the apparently contradictory provisions to give effect to both, if possible. Goldberg v.Administrative Hearing Commission, 609 S.W.2d 140 (Mo. banc 1980).
The legislature has awarded broad authority to the Board to issue regulations with respect to the conduct of its hearings. Sections 217.690.4 and 217.720, RSMo Supp. 1982. These are recorded in Chapter 14 of the Code of State Regulations. They provide that at a parole hearing a prisoner may testify, present evidence, call witnesses and be represented by the person of his choice. Additionally, the regulations allow the Board to request investigation of the prisoner's complaint as well as medical and psychological evaluations of the prisoner. 14 CSR Sections 80-2.010. The statutes and regulations dealing with parole revocation hearings are also very broad. The legislature requires that the parole officer must present a written statement to the parolee and the Board stating that the parolee has violated the terms of his parole. Section 217.720, RSMo Supp. 1982. The regulations give the parolee the right to call witnesses and present testimony and documentary evidence as well as to confront and cross-examine adverse witnesses.
Keeping in mind the broad discretion awarded to the Board in the conduct of its hearings, we suggest that the Board issue regulations establishing bifurcated hearing procedures in keeping with the requirements of the Open Meetings Law. Such rules should allow introduction of all preparole reports and supervisory histories as well as all reports collected by the parole officer concerning the prisoner or parolee, during a closed segment of the hearing. Additionally, since the contents of these reports and histories would in all likelihood be discussed during the examination and cross-examination of their authors, the testimony of such authors, if called, could be heard in a closed hearing. Finally, the testimony of the parole officer must also take place in closed session. The other portions of such hearings should be open.
To reiterate, with the deletion of the particular exemption applicable to the Board by the legislature, it is manifest that no exemption exists in the law authorizing the closing of Board hearings in their entirety. When the meaning of a statute is unambiguous it must be given effect even if it produces an arguably "undesirable" result. Pedroli v. Missouri Pacific Railroad,524 S.W.2d 882 (Mo.App. 1975).
This is an area in which two statutory provisions, enacted in the same legislative session, and to which the legislature has attached great importance, are in conflict. We believe there is a need for legislative examination of these provisions. However, absent legislative amendment, the agency responsible for implementing these provisions must reconcile them to the extent possible.
CONCLUSION
It is the opinion of this office that, subject to the exceptions contained in Chapter 217, RSMo Supp. 1982, parole and parole revocation hearings of the Board of Probation and Parole are subject to the Missouri Open Meetings Law.
Very truly yours,
 JOHN ASHCROFT Attorney General