**Marie BLANK, Administrator of the Estate of Layton W. Blank, Deceased, Plaintiff,**

v.

**John Reed RIPLEY, Defendant.**

**No. 83–1155C(C).**

United States District Court, E.D. Missouri, E.D.

July 14, 1983.

Sylvan H. Robinson, St. Louis, Mo., for plaintiff.

John J. Horgan, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court upon defendant's motion to dismiss plaintiff's complaint. For the reasons set forth below, this motion will be granted.

Plaintiff, administrator of the estate of Layton W. Blank, deceased, has sued defendant for the wrongful death of Rosemary Petit. Plaintiff is a citizen of the State of Illinois. Defendant is a citizen of the State of Missouri. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

Plaintiff alleges in her complaint that Rosemary Petit died on May 17, 1980 as a result of defendant's negligence. Rosemary Petit was survived only by her brother Layton W. Blank. On April 19, 1983, Layton Blank died survived only by his wife, plaintiff in this action. Layton Blank did not

**1532**

file a wrongful death action for the death of Rosemary Petit prior to his death. Plaintiff herein, administrator of Layton Blank's estate, now seeks to recover for the wrongful death of Rosemary Petit.

Defendant has filed the present motion to dismiss on the ground that plaintiff has failed to state a claim upon which relief can be granted. Specifically, defendant contends that the cause of action, if any, for the wrongful death of Rosemary Petit abated at the death of Layton Blank because he failed to file a wrongful death action prior to his death. This Court agrees.

The Missouri wrongful death statute designates the specific and exclusive persons who have a right to commence an action for wrongful death, Mo.Rev.Stat. § 537.080. Under the terms of that statute, Layton Blank was entitled to bring a wrongful death action on behalf of his deceased sister. The statute does not provide, however, that this right may pass, in turn, to Layton Blank's heirs or representatives in the event he failed to initiate a wrongful death action prior to his death. Mo.Rev.Stat. § 537.020. The statute has been construed to bar any such action by the decedent's representatives. *Pedroli v. Missouri Pacific Railroad,* 524 S.W.2d 882 (Mo.App.1975). *See also Stoddard v. Cockrum,* 531 F.Supp. 663 (W.D.Mo.1982). Plaintiff's statutory argument to the contrary is without merit. In sum, any cause of action for the wrongful death of Rosemary Petit abated at the death of Layton Blank because he failed to initiate any such action prior to his death. Accordingly, plaintiff's complaint will be dismissed with prejudice.