**Marie BLANK, Administrator of the Estate of Layton W. Blank, Appellant,**

v.

**John Reed RIPLEY, Appellee.**

**No. 83–2111.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 23, 1983.

Decided Dec. 29, 1983.

John J. Horgan, Brian R. Plegge, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, Mo., for appellee.

Isaac E. Young and Sylvan H. Robinson, St. Louis, Mo., for appellant.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

Marie Blank, in her capacity as the administrator of the estate of Layton Blank, appeals from a final order of the District Court[1] for the Eastern District of Missouri, 567 F.Supp. 1531, dismissing her wrongful death complaint. For reversal appellant argues that the district court erred in dismissing her complaint on the ground that the cause of action for the wrongful death of Rosemary Petit abated at the death of Petit's brother Layton Blank because he had not filed suit before his death. We affirm.

In May, 1980, Rosemary Petit died, allegedly as a result of appellee's negligence. At the time of her death, she was survived only by her brother Layton Blank. Pursuant to Missouri's wrongful death statute, Mo.Rev.Stat. § 537.080 (Cum.Supp.1982), Blank was the only party entitled to bring an action for the alleged wrongful death of his sister. In April, 1983, Blank died without having filed suit. In May, 1983, appellant, Blank's widow and the administrator of his estate, filed an action for the wrongful death of Rosemary Petit.

---

1. The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri.

In granting appellee's motion to dismiss, the district court relied on *Pedroli v. Missouri Pacific R.R.*, 524 S.W.2d 882 (Mo.App. 1975). *Blank v. Ripley,* 567 F.Supp. 1531, 1532 (E.D.Mo.1983). In *Pedroli,* the court held that a wrongful death action abates at the death of the person entitled to bring suit if that person has not filed suit prior to his death. 524 S.W.2d at 885–86. *See also Stoddard v. Cockrum,* 531 F.Supp. 663 (W.D.Mo.1982).

After having carefully studied the briefs and the record in this case, we find no error of law or fact. Accordingly, we affirm on the basis of the district court's opinion. *See* 8th Cir.R. 14.